Nott, J.
dissenting. I differ in opinion with my brethren in this case. It is a well-settled rule of law in England, and in this State, and, I believe, in every other State in the Union, that for a breach of warranty of title to land, the purchaser is entitled to recover back the value of the land of which he has been thus deprived. Whether the value oi the land, at the time of the sale, or at the time of eviction, shall be the rule for the assessment of damages, is a question on which different opinions have been entertained. But that question has been considered as settled in this State, by the decision of our courts, ever since *432 the case of Furman vs. Elmore, 2 N. & McC. 189 ; and is now settled by the Act of the Legislature of 1824, in conformity with that decision.
It is now said that a new rule is to be adopted, where the vendee has cured the defect in his title, by procuring a grant to himself for the land not covered by the conveyance, or by purchasing up the title paramount. And for this principle several cases are relied on, which are referred to in the opinion of the court. But it will be observed that all those are Equity cases, and go upon the principle that the vendee, in obtaining the paramount title, has acted as trustee for the vendor, and, therefore, is entitled only to a remuneration for his expenses and trouble. It is, therefore, most clearly a purely equitable principle, which cannot be acted upon in a court of law. How can the question be tried at law ? A court of law has no officer like the master in equity, to whom it can be referred to ascertain the amount of money which has been paid, the monies rendered, or the compensation to which the party is entitled. Suppose that this court, instead of granting a new trial; should leave the plaintiff to seek relief ill a court of Equity, and the defendant, in his answer, should swear that he had informed the complainant of the defect in his title, and had called upon him to perfect it, and that he had refused — would the court of Equity afford him relief? — . I apprehend that it is at least doubtful: and the plaintiff may have given him such notice, without being able to prove it, for he would not be required to take a witness of the fact.
But suppose that it may be still doubtful, whether there may not be a better outstanding title: a court of Equity might compel the plaintiff to indemnify the defendant against such possible event, or lay him under such other terms as would make him secure. But these are powers which cannot be exercised by a court of law. It appears to me, therefore, that it is introducing a rule which the court of law can but imperfectly execute, while it is interposing a shield in behalf of a wrong-doer, and leaving the injured party without any adequate protection. 1 am, therefore, opposed to the motion.